No. 25-1263

In The United States Court of Appeals
For The Tenth Circuit

**Alfredo (Dayana) Munoz Ramirez**,
Petitioner-Appellee,
v.

**Todd Blanche, George Valdez, Markwayne Mullin, Todd Lyons, and Juan Baltazar, in their official capacities,**
Respondents-Appellants.

---

# Supplemental Brief Regarding Jurisdiction

---

On Appeal from the United States District Court
for the District of Colorado
The Honorable Regina M. Rodriguez
D.C. No. 25-cv-01002-RMR

---


| | |
|---|---|
| **Peter McNeilly**<br>United States Attorney<br>**Kyle Brenton**<br>Assistant U.S. Attorney<br>1801 California Street, Ste. 1600<br>Denver, Colorado 80202<br>Telephone: (303) 454-0100 | **Drew C. Ensign**<br>Deputy Assistant Attorney General<br>**Anthony Nicastro**<br>Director<br>**Jessica D'Arrigo**<br>**Claire Workman**<br>Senior Litigation Counsel<br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation<br>P.O. Box 878, Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 305-8247 |
| | Attorneys for Respondents-Appellants |


July 23, 2026

Respondents submit this supplemental brief to answer the two questions posed by this court's July 9 order. Doc. 46.

## I. Given that Petitioner received the bond hearing by the district court ordered on May 5, 2025, is this appeal moot?

No.

A case becomes moot when there is no longer a redressable injury. *Prison Legal News v. Fed. Bureau of Prisons*, 944 F.3d 868, 880 (10th Cir. 2019). But an action is not moot so long as "a concrete interest, however small, [exists] in the outcome." *Id.* The challenged bond hearing in this case resulted in petitioner's release. Because an appellate victory could result in petitioner's re-detention pursuant to a final order of removal, respondents have a concrete interest in the outcome of this appeal

Respondents have first challenged whether the district court erred in concluding that due process required a bond hearing for petitioner's continued detention. Even though the court concluded that petitioner's detention satisfied *Zadvydas v. Davis*, 533 U.S. 678 (2001), it held that due process required a bond hearing. III:572-73. But if respondents are correct that *Zadvydas* provides the sole standard for determining whether continued detention meets due process (Open. Br. at 12-31),

(a) a bond hearing was not required, (b) respondents could continue to detain petitioner without such a hearing, and (c) respondents could therefore re-detain petitioner pursuant to the existing final order of removal alone. In short: a victory would allow respondents to re-detain petitioner, which would redress their injury of petitioner's release.

And if "the grant of a bond hearing as constitutionally compelled" is affirmed (Op.Br. at 31), respondents' second argument is that the court erred by imposing the burden at that hearing on respondents to offer clear-and-convincing proof justifying continued detention. Reversal on this issue would similarly offer redress. By remanding for a bond hearing that shifts the burden to petitioner or lowers the burden for respondents, this court would offer respondents concrete relief in the form of a burden change that could lead to the reversal of petitioner's release on bond.

## II. What impact, if any, do Petitioner's re-detention and subsequent habeas petition in the Western District of Texas have on this court's jurisdiction?

None.

While released on bond, petitioner was arrested in Texas on potential drug charges, and after state authorities declined to prosecute,

petitioner was taken into custody by ICE for violation of the terms of the bond. Op.Br. at 9 n.4. Petitioner filed a petition for a writ of habeas corpus in the Western District of Texas challenging this re-detention. *See Munoz Ramirez v. Vergara*, No. 26-cv-02536-JKP (W.D. Tex., filed Apr. 16, 2026). Neither of these occurrences, however, affects this court's jurisdiction or its ability to grant effective relief in this appeal.

"It is well established that jurisdiction attaches on the initial filing for habeas corpus relief." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). At the time the petition here was filed, petitioner was detained in the District of Colorado, and remained in detention in the District of Colorado at the time the district court granted relief. The district court therefore had jurisdiction over the petition at all relevant times.

A district court's grant of habeas relief will often render the petitioner no longer subject to government detention, and the petitioner may accordingly choose to leave the relevant district. Just as those events would not defeat this court's appellate jurisdiction, petitioner's release and subsequent re-detention here does not deprive this court of jurisdiction over the government's appeal. *Cf.* Fed. R. App. P. 23(c)

(requiring that a prisoner must "be released on personal recognizance, with or without surety," "[w]hile a decision ordering the release of a prisoner is under review," unless ordered otherwise).

To be sure, a transfer to a different custodian can affect a district court's ability to *grant* habeas relief on remand after appeal, *see Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004), but here, the district court has already granted relief by ordering a bond hearing, and the issue on appeal is whether that was in error. So the *Padilla* limitation does not apply.

Nor does Federal Rule of Appellate Procedure 23 affect this Court's jurisdiction here. Subsection (a) of that rule bars transfer of a detainee pending review of a habeas petition. *See* Fed. R. App. P. 23(a). Here, though, petitioner was not *transferred* from Colorado to Texas; rather, petitioner was released pursuant to the bond order of the immigration judge and then *independently* re-detained in Texas when the bond was revoked. No transfer occurred, so Rule 23(a) does not apply. Subsections (b)-(d) of Rule 23 similarly are not at issue, because those subsections govern the procedures required where the court is reviewing a decision whether to *release* a detainee; here, the order on

appeal did not require release, but rather simply a bond hearing. So Rule 23 does not affect the court's jurisdiction.

Finally, petitioner's current detention in Texas does not moot this appeal. As discussed above, a case is not moot so long as "a concrete interest, however small, [exists] in the outcome." *Prison Legal News*, 944 F.3d at 880. Petitioner's Texas habeas petition argues that the government failed to follow the applicable regulations in revoking the order of supervision and effectuating petitioner's re-detention. *See Munoz Ramirez*, No. 26-cv-02536-JKP, ECF No. 1 at 1-4, 20-22. Should the Texas court agree with petitioner and order release, then a favorable ruling in this appeal would permit the government to re-detain petitioner on the original grounds it invoked in this case without regard to any issues with the revocation of the order of supervision. Even if the Texas court denies petitioner relief, the timeframe for appellate review of that decision will likely extend far enough that this court's decision should issue before the Texas court's decision is final.

In sum, petitioner's re-detention and habeas petition in Texas do not affect this court's jurisdiction.

## CONCLUSION

This court has jurisdiction over this appeal, which presents a live controversy over a redressable injury. Reversal would present the opportunity for respondents to re-detain petitioner pursuant to the final order of removal that has been entered against petitioner.

DATED: July 23, 2026

Respectfully submitted,

PETER MCNEILLY
United States Attorney

/s/ KYLE BRENTON
KYLE BRENTON
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE

As required by Fed. R. App. P. 32(a)(7)(B)(i), I certify that the foregoing is proportionally spaced and contains 1,021 words, according to the Microsoft Word software used in preparing the brief.

DATED: July 23, 2026

/s/ KAYLA KEITER
KAYLA KEITER
U.S. ATTORNEY'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that on this July 23, 2026, I electronically filed the foregoing with the Clerk of the court for the United States Court of Appeals for the Tenth Circuit, using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

/s/ KAYLA KEITER
KAYLA KEITER
U.S. Attorney's Office