**No. 25-1263**

IN THE

# United States Court of Appeals for the Tenth Circuit

ALFREDO (DAYANA) MUNOZ RAMIREZ,

*Petitioner-Appellee*,

– v. –

TODD BLANCHE, GEORGE VALDEZ, MARKWAYNE MULLIN, DAVID J. VENTURELLA, and JUAN BALTAZAR, in their official capacities,

*Respondents-Appellants.*

On Appeal from the United States District Court for the District of Colorado
The Honorable Regina M. Rodriguez
No. 25-cv-01002-RMR

**SUPPLEMENTAL BRIEF OF PETITIONER-APPELLEE**


Colleen Cowgill
NATIONAL IMMIGRANT JUSTICE CENTER
111 W. Jackson St., Suite 800
Chicago, IL 60604
CCowgill@immigrantjustice.org

Timothy H. Gray
Robert T. Smith
KATTEN MUCHIN ROSENMAN LLP
1919 Pennsylvania Ave. – Suite 800
Washington, DC 20006
202-625-3500
timothy.gray@katten.com
robert.smith1@katten.com

*Counsel for Petitioner-Appellee*

**TABLE OF CONTENTS**

Table of Authorities ........ ii

Introduction ........ 1

Argument ........ 2

I. The Government's appeal is not moot based on Ms. Munoz Ramirez's receipt of the requested bond hearing. ........ 2

II. Ms. Munoz Ramirez's re-detention in Texas and unresolved habeas petition there do not affect the Court's jurisdiction to resolve the Government's appeal here. ........ 6

Conclusion ........ 8

Certificate of Compliance ........ 10

Certificate of Service ........ 11

## TABLE OF AUTHORITIES

**<u>CASES</u>:**

*Ex parte Endo*,
323 U.S. 283 (1944) ........................................ 6

*Ferry v. Gonzales*,
457 F.3d 1117 (10th Cir. 2006) ........................................ 1, 3

*Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*,
175 F.4th 1258 (11th Cir. 2026) ........................................ 3-5

*In re Overland Park Fin. Corp.*,
236 F.3d 1246 (10th Cir. 2001) ........................................ 3

*Ind v. Colorado Dep't of Corr.*,
801 F.3d 1209 (10th Cir. 2015) ........................................ 3

*Pinson v. Berkebile*,
604 F. App'x 649 (10th Cir. 2015) ........................................ 6

*Rodriguez-Heredia v. Holder*,
639 F.3d 1264 (10th Cir. 2011) ........................................ 1

*Santillan Quiroz v. Mullin*,
--- F.4th ---, 2026 WL 1876709 (10th Cir. June 30, 2026) ........................................ 5

**<u>STATUTES AND REGULATIONS</u>:**

8 U.S.C. § 1226(a) ........................................ 4

8 U.S.C. § 1231(a) ........................................ 2, 5, 8

## INTRODUCTION

The Court entered an order on July 9, 2026, requesting the parties' positions on two jurisdictional questions: Whether the fact that Ms. Munoz Ramirez received the bond hearing requested by her petition moots the Government's appeal, and what effect, if any, Ms. Munoz Ramirez's re-detention and subsequent habeas petition in the United States District Court for the Western District of Texas may have on this Court's jurisdiction. As explained below, the Government's appeal is not moot, and Ms. Munoz Ramirez's subsequent habeas petition does not deprive this Court of jurisdiction to resolve the Government's appeal.[1]

[1] Ms. Munoz Ramirez notes that she has separate consolidated petitions pending in this Court, Nos. 24-9572 & 25-9534, identified as related cases, which were argued on January 20, 2026. Those appeals challenge decisions of the Board of Immigration Appeals denying her applications for withholding of removal and relief under the Convention Against Torture (CAT), and the Board's denial of her motion to reopen, respectively. Ms. Munoz Ramirez notes that resolution of those cases may inform the Court's jurisdictional inquiry insofar as Ms. Munoz Ramirez's non-removal from the United States is contingent on the pendency and resolution of those appeals. *Cf. Rodriguez-Heredia v. Holder*, 639 F.3d 1264, 1267 (10th Cir. 2011) (release from detention upon removal from United States mooted appeal); *Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (same).

## ARGUMENT

### I. The Government's appeal is not moot based on Ms. Munoz Ramirez's receipt of the requested bond hearing.

The Court's Order first directs the parties to address whether, "[g]iven that Petitioner received the bond hearing ordered by the district court on May 5, 2025," "this appeal [is] moot." Order at 2. The short answer is no: Ms. Munoz Ramirez's receipt of a bond hearing does not moot the case. The parties' dispute is whether the Constitution and its fundamental guarantee of due process may require a Section 1231(a) detainee to receive a bond hearing to test ICE's asserted justifications for detention. Ms. Munoz Ramirez maintains that due process required a hearing under her then-existing circumstances of confinement, and may require it again. The Government's position is that no bond hearing or further due process is ever required for anyone detained pursuant to Section 1231(a). As a result, if the Court were to grant the Government the relief it requests here, it could re-detain Ms. Munoz Ramirez notwithstanding the outcome of the bond hearing she received. That means the Government's appeal is not moot because the Court can provide the Government with meaningful relief.

"A case is moot when it is impossible for the court to grant any effectual relief whatever to a prevailing party." *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1254 (10th Cir. 2001) (quotation marks omitted). "In deciding whether a case is moot, the crucial question is whether granting a present determination of the issues offered will have some effect in the real world. When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." *Ind v. Colorado Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015) (citation and quotation marks omitted).

Although this Circuit has observed that release from custody may moot a petitioner's appeal from a denial of a bond hearing, *see Ferry*, 457 F.3d at 1132, it has not yet (to Petitioner's knowledge) addressed the mootness *vel non* of a case in which the *Government* appeals from the grant of a habeas petition providing the relief of a bond hearing. For mootness, that makes a material difference.

As the Eleventh Circuit recently explained, the Government can still receive effective relief from the court of appeals because it could re-detain the petitioner on the basis of an appellate court's order reversing the district court's decision requiring a bond hearing. *Hernandez Alvarez v. Warden, Fed.*

*Det. Ctr. Miami*, 175 F.4th 1258, 1258 (11th Cir. 2026). In that case, habeas petitioners-detainees had sought a bond hearing pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1226(a), applicable regulations, and the Fifth Amendment. *Id.* The district court granted the petition on statutory grounds and the "[p]etitioners were granted a bond hearing" and released; the Government appealed. *Id.* On appeal, the panel sought the parties' positions on "whether the appeals had become moot," and the parties agreed they had not because the court "could still grant relief to the Government by reversing the district court and allowing renewed detention." *Id.* The Eleventh Circuit agreed.

The court of appeals contrasted the appeal before it with "a *petitioner's* appeal" in which the "petitioner had gotten what he wanted" from the court below "so there was nothing more this Court could do for him." 175 F.4th at 1258 (emphasis added). But where the "Government did not get what it was seeking"—where "Petitioners were released on bond over its objection"—an appellate court "could still offer the Government relief" by "revers[ing] the

district court and giv[ing] the Government the authority to re-detain the Petitioners." *Id.*[2]

To be sure, the Government in *Hernandez Alvarez* had already "expressed its unambiguous intention to" re-detain the petitioners, *id.*, but the Government's position here is not materially different. It continues to assert the *right* to detain or re-detain Ms. Munoz Ramirez pursuant to 8 U.S.C. § 1231(a) with no opportunity for a bond hearing—or, as its position necessarily requires, no procedural due process at all, Dkt. 32 at 4—on the grounds it previously asserted, and it seeks a ruling from this Court authorizing it to do so.

Ms. Munoz Ramirez therefore submits that the fact that she received a bond hearing does not moot the appeal because a decision in the Government's favor would permit it again to detain her in Colorado (or anywhere else subject to this Court's jurisdiction) pursuant to Section 1231(a) on the same grounds, under the same circumstances, for a prolonged

[2] *Hernandez Alvarez* ultimately affirmed the grant of a bond hearing on statutory grounds and this Court recently agreed on that question. *See Santillan Quiroz v. Mullin*, --- F.4th ---, 2026 WL 1876709, at *3 (10th Cir. June 30, 2026). *Santillian Quiroz* was a petitioner appeal and this Court did not address the question of mootness.

period, with no opportunity to be heard before a neutral arbiter on whether she meets the statutory criteria for deprivation of liberty.

## II. Ms. Munoz Ramirez's re-detention in Texas and unresolved habeas petition there do not affect the Court's jurisdiction to resolve the Government's appeal here.

The Court further requests the parties' positions on the "impact, if any," of "Petitioner's re-detention and subsequent habeas petition in the Western District of Texas . . . on this court's jurisdiction." Order at 2. Ms. Munoz Ramirez submits that neither her re-detention nor her subsequent petition in the Western District of Texas affect the Court's jurisdiction here, for at least three reasons:

*First*, a court's jurisdiction over habeas petitions, including subsequent appeals, is determined by the location of confinement at the time the petition was filed. *See Ex parte Endo*, 323 U.S. 283, 306-07 (1944); *Pinson v. Berkebile*, 604 F. App'x 649, 653 (10th Cir. 2015). Were it otherwise, the Government could continuously transfer detainees to deny meaningful judicial review. There is no dispute that Ms. Munoz Ramirez was detained in Colorado at the time she filed her habeas petition in the District of Colorado, giving rise to the instant petition. Ms. Munoz Ramirez's subsequent presence and

detention in Texas therefore do not affect this Court's appellate jurisdiction over her previous, properly filed habeas petition.

*Second*, that the Government has re-detained Ms. Munoz Ramirez does not affect this Court's jurisdiction. To be sure, the Government's ultimate practical objective in pursuing this appeal is Ms. Munoz Ramirez's re-detention; it believes she should have received no bond hearing (and thus no release on bond) in the first place. For now, that objective is satisfied insofar as Ms. Munoz Ramirez is currently detained and may continue to be detained if her Texas habeas petition is denied. But the Government still seeks reversal of the decision below on grounds that would authorize it to *resume* detaining (if the Texas petition is granted) or *continue* detaining (if it is denied) Ms. Munoz Ramirez subject solely to ICE's discretionary determinations and ICE's periodic review (which the Government believes is not required). There remains a live controversy between the parties about whether the Government can do that.

*Third*, that the Government seeks such relief here while Ms. Munoz Ramirez is presently detained in the Western District of Texas—a jurisdiction in which ICE would not be bound by this Court's resolution of this appeal—does not necessarily alter this conclusion. The Government has

Ms. Munoz Ramirez in its custody. It retains authority to transfer her to a detention facility within this Court's jurisdiction, where her ability to obtain relief from confinement will be impacted by this Court's answer to the underlying legal question. If the Government succeeds in its appeal, it may undertake that transfer at any time at its sole and absolute discretion and confine Ms. Munoz Ramirez within this Circuit without any possibility of obtaining a bond hearing based on claims related to her prolonged detention.

## CONCLUSION

The Government's appeal is not moot, and the Texas proceeding does not affect this Court's jurisdiction. The Government seeks relief on appeal that would authorize it to detain Ms. Munoz Ramirez in Colorado (or anywhere else subject to this Court's jurisdiction) pursuant to Section 1321(a) without any constitutional procedural-due-process backstop. Depending on how the Texas petition is resolved, if the Government prevails in this appeal, it may either re-detain her or continue detaining her. It may transfer her to a facility within this Circuit and continue detaining her in this Circuit. And if the Government prevails before this Court in this appeal, Ms. Munoz Ramirez will have no recourse to the Due Process Clause to seek a

bond hearing based on her prolonged detention while withholding-only proceedings are pending. Ms. Munoz-Ramirez therefore respectfully submits that this Court retains jurisdiction to hear and decide this appeal.

Dated: July 23, 2026

Respectfully submitted,

/s/ Timothy H. Gray

Timothy H. Gray
Robert T. Smith
KATTEN MUCHIN ROSENMAN LLP
1919 Pennsylvania Ave. – Suite 800
Washington, DC 20006
202-625-3500
timothy.gray@katten.com
robert.smith1@katten.com

Colleen Cowgill
NATIONAL IMMIGRANT JUSTICE CENTER
111 W. Jackson St., Suite 800
Chicago, IL 60604
CCowgill@immigrantjustice.org

*Counsel for Petitioner-Appellee*

## CERTIFICATE OF COMPLIANCE

I hereby certify that, in accordance with Fed. R. App. P. 32(a)(7)(B)(i), the foregoing Supplemental Brief of Petitioner-Appellee is proportionally spaced and contains 1,682 words, according to the Microsoft Word software used in preparing the brief.

/s/Timothy H. Gray
Timothy H. Gray
*Counsel for Petitioner*

## Certificate of Service

I hereby certify that on July 23, 2026, I electronically transmitted a copy of the foregoing Supplemental Brief of Petitioner-Appellee to the Clerk of the Court using the Electronic Case Filing (ECF) system for filing. Service will be accomplished electronically through the ECF system to all registered participants.

/s/Timothy H. Gray
Timothy H. Gray
*Counsel for Petitioner*